ORIGINAL

# In The United States Court of Federal Claims

| | | |
|---|---|---|
| **GOLDEN MANUFACTURING CO., INC.**<br>**125 Hwy 366, P.O. Box 390**<br>**Golden, MS 38847**<br>**Plaintiff** | ) | FILED<br>NOV 12 2004<br>U.S. COURT OF FEDERAL CLAIMS |
| **v.** | ) | |
| **THE UNITED STATES**<br>**Defendant** | ) | 04-1667C |

**COMPLAINT**

**I. Parties**

1. Plaintiff is Golden Manufacturing Co., Inc. ("Golden"), a Mississippi corporation with its principal place of business at 125 Highway 366, Golden Mississippi, 38847.

2. Defendant is the United States of America, acting through the Defense Logistics Agency ("DLA").

**II. Jurisdiction**

3. Jurisdiction is founded upon 28 U.S.C. § 1491(a)(1), and the Contract Disputes Act, 41 U.S.C.§ 601 et seq ("the CDA").

**III. Background**

4. On or about October 27, 1998, Golden was awarded Contract SP0100-99-D-0303 ("the Contract") by the Defense Supply Center Philadelphia ("DSCP"), a field activity of DLA.

5. The Contract called for Golden to produce and deliver an indefinite quantity of cold weather, woodland camouflage field coats (minimum 46,000/maximum 300,000 per year) for a base year plus four (4) option years.

6. The Contract included several clauses which require various adjustments from time to time, to wit:

a. Clause H007- "Size Change Reconciliation," which provides, in sum and substance, that there shall be a reconciliation for cloth used based on the size breakdown of the actual orders issued by DSCP versus the original size breakdown in the Contract (i.e., based on a Medium/Regular field coat); reconciliations are to be done by the Administrative Contracting Officer ("ACO") not more than once every six months nor less than once a year;

b. Clause H016, Transportation Cost Reconciliation (DVD), which provides that the contractor is to bill the freight cost for direct shipments to various military units in lieu of DLA Depots ("direct vendor deliveries") at EIGHTEEN ($0.18) CENTS per field coat; after each quarter the contractor is to submit a reconciliation to the ACO showing the actual freight costs versus the EIGHTEEN ($0.18) CENTS per field coat figure, and the ACO is to make the appropriate contract adjustment, up or down, within thirty (30) days after receipt of the contractor's reconciliation.

7. Pursuant to the Contract, Golden was also required to produce "Special Measurement Items," (i.e., odd sized field coats) from time to time as ordered by DSCP and to then submit its reconciliations to the ACO, covering the additional material and labor associated with the Special Measurement Items; the ACO was then to issue the necessary adjustment to the contract.

**COUNT I**

8. Golden hereby incorporates paragraphs 1-7 of its Complaint as if set forth in full.

9. On November 25, 2003, Golden submitted its freight reconciliation for the NINETEEN (19th) quarter of contract performance, pursuant to Clause H016; the

reconciliation showed additional freight of TEN THOUSAND, TWO HUNDRED SEVENTY DOLLARS AND NINETY CENTS ($10,270.57) due Golden.

10. As previously stated, the ACO was to act on Golden's reconciliation within Thirty (30) Days.

11. When the ACO failed to act on the reconciliation within the contractually-specified time frame, Golden considered the adjustment request to be disputed by the Government, and, on June 8, 2004, re-submitted the reconciliation as a claim pursuant to the Contract Disputes Act, 41 U.S.C. § 601 et. seq. ("the CDA"), requesting a Final Decision.

12. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

13. Golden therefore brings this action, challenging the "deemed denied" of its claim.

14. Golden is entitled to the requested adjustment.

WHEREFORE, Golden requests judgment on Count III in the amount of TEN THOUSAND, TWO HUNDRED SEVENTY DOLLARS AND NINETY CENTS ($10,270.90), plus interest from the date the ACO received Golden's claim.

**COUNT II**

15. Golden hereby incorporates paragraphs 1-7 of its Complaint as if set forth in full.

16. On June 9, 2004, Golden submitted its freight reconciliation for the TWENTIETH (20th) quarter of contract performance, pursuant to Clause H016; the reconciliation showed additional freight of SIXTEEN THOUSAND, EIGHT HUNDRED FIFTY-TWO DOLLARS AND EIGHTY-EIGHT CENTS ($16,852.88) due Golden.

17. As previously stated, the ACO was to act on Golden's reconciliation within Thirty (30) Days.

18. When the ACO failed to act on the reconciliation within the contractually-specified time frame, Golden considered the adjustment request to be disputed by the Government, and, on September 8, 2004, re-submitted the reconciliation as a claim pursuant to the CDA, requesting a Final Decision.

19. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

20. Golden therefore brings this action, challenging the "deemed denied" of its claim.

21. Golden is entitled to the requested adjustment.

WHEREFORE, Golden requests judgment on Count III in the amount of SIXTEEN THOUSAND, EIGHT HUNDRED FIFTY-TWO DOLLARS AND EIGHTY-EIGHT CENTS ($16,852.88), plus interest from the date the ACO received Golden's claim.

**COUNT III**

22. Golden hereby incorporates paragraphs 1-7 of its Complaint as if set forth in full.

23. On July 15, 2004, Golden submitted its freight reconciliation for the TWENTY-FIRST (21st) quarter of contract performance, pursuant to Clause H016; the reconciliation showed additional freight of THIRTY THOUSAND, EIGHT HUNDRED SIXTY-EIGHT DOLLARS AND EIGHTY-SIX CENTS ($30,868.86) due Golden.

24. As previously stated, the ACO was to act on Golden's reconciliation within Thirty (30) Days.

25. When the ACO failed to act on the reconciliation within the contractually-specified time frame, Golden considered the adjustment request to be disputed by the Government, and, on September 7, 2004, re-submitted the reconciliation as a claim pursuant to the CDA, requesting a Final Decision.

26. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

27. Golden therefore brings this action, challenging the "deemed denied" of its claim.

28. Golden is entitled to the requested adjustment.

WHEREFORE, Golden requests judgment on Count III in the amount of THIRTY THOUSAND, EIGHT HUNDRED SIXTY-EIGHT DOLLARS AND EIGHTY-SIX CENTS ($30,868.86), plus interest from the date the ACO received Golden's claim.

**COUNT IV**

29. Golden hereby incorporates paragraphs 1-7 of its Complaint as it set forth in full.

30. During the first quarter of 2003, Golden received SEVENTEEN (17) orders for Special Measurement Items from DSCP (Delivery Orders 188, 199 through 184 and 201 through 205).

31. On June 15, 2004, Golden submitted a reconciliation to the ACO for the extra material and labor incurred in fulfilling the SEVENTEEN (17) orders for Special Measurement Items received during the first quarter of 2003; the total adjustment requested by Golden was THREE THOUSAND FOUR HUNDRED SEVENTY-SIX DOLLARS AND THIRTY-EIGHT CENTS ($3,476.38).

32. When the ACO failed to issue the requested adjustment or otherwise act on the reconciliation Golden considered the reconciliation to be disputed by the Government, and, on July 26, 2004, Golden resubmitted the reconciliation to the ACO as a CDA Claim, requesting a Final Decision.

33. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

34. Golden therefore brings this action, challenging the "deemed denied" of its claims.

35. Golden is entitled to the requested adjustment.

WHEREFORE, Golden demands judgment against Defendant on Count IV in the amount of THREE THOUSAND FOUR HUNDRED SEVENTY-SIX DOLLARS AND THIRTY-EIGHT CENTS ($3,476.38), plus interest from the date the ACO received Golden's claim.

**COUNT V**

36. Golden hereby incorporates paragraphs 1-7 of its Complaint as it set forth in full.

37. During the second quarter of 2003, Golden received TWELVENE (12) orders for Special Measurement Items from DSCP (Delivery Orders 206 and 209 through 219).

38. On June 15, 2004, Golden submitted a reconciliation to the ACO for the extra material and labor incurred in fulfilling the TWELVE (12) orders for Special Measurement Items received during the second quarter of 2003; the total adjustment requested by Golden was TWO THOUSAND NINE HUNDRED FIFTY-SEVEN DOLLARS AND SEVENTY-FIVE CENTS ($2,957.75).

39. When the ACO failed to issue the requested adjustment or otherwise act on the reconciliation Golden considered the reconciliation to be disputed by the Government, and, on July 26, 2004, Golden resubmitted the reconciliation to the ACO as a CDA Claim, requesting a Final Decision.

40. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

41. Golden therefore brings this action, challenging the "deemed denied" of its claims.

42. Golden is entitled to the requested adjustment.

WHEREFORE, Golden demands judgment against Defendant on Count V in the amount of TWO THOUSAND NINE HUNDRED FIFTY-SEVEN DOLLARS AND SEVENTY-FIVE CENTS ($2,957.75), plus interest from the date the ACO received Golden's claim.

**COUNT VI**

43. Golden hereby incorporates paragraphs 1-7 of its Complaint as it set forth in full.

44. During the third quarter of 2003, Golden received SEVEN (7) orders for Special Measurement Items from DSCP (Delivery Orders 232 through 238).

45. On June 16, 2004, Golden submitted a reconciliation to the ACO for the extra material and labor incurred in fulfilling the SEVEN (7) orders for Special Measurement Items received during the third quarter of 2003; the total adjustment requested by Golden was EIGHT HUNDRED SIXTY-SEVEN DOLLARS AND FORTY-SEVEN CENTS ($867.47).

46. When the ACO failed to issue the requested adjustment or otherwise act on the reconciliation Golden considered the reconciliation to be disputed by the Government,

and, on July 26, 2004, Golden resubmitted the reconciliation to the ACO as a CDA Claim, requesting a Final Decision.

47. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

48. Golden therefore brings this action, challenging the "deemed denied" of its claims.

49. Golden is entitled to the requested adjustment.

WHEREFORE, Golden demands judgment against Defendant on Count VI in the amount of EIGHT HUNDRED SIXTY-SEVEN DOLLARS AND FORTY-SEVEN CENTS ($867.47), plus interest from the date the ACO received Golden's claim.

**COUNT VII**

71. Golden hereby incorporates paragraphs 1-7 of its Complaint as it set forth in full.

72. During the fourth quarter of 2003, Golden received TEN (10) orders for Special Measurement Items from DSCP (Delivery Orders 220 through 228 and 231).

73. On June 16, 2004, Golden submitted a reconciliation to the ACO for the extra material and labor incurred in fulfilling the TEN (10) orders for Special Measurement Items received during the fourth quarter of 2003; the total adjustment requested by Golden was ONE THOUSAND SIX HUNDRED FORTY-FIVE DOLLARS AND FIFTY-THREE CENTS ($1,645.53).

74. When the ACO failed to issue the requested adjustment or otherwise act on the reconciliation Golden considered the reconciliation to be disputed by the Government, and, on July 26, 2004, Golden resubmitted the reconciliation to the ACO as a CDA Claim, requesting a Final Decision.

75. More than sixty (60) days have passed since Golden submitted its CDA claim and the ACO has neither issued a Final Decision nor provided a date certain on which a Final Decision will be issued.

76. Golden therefore brings this action, challenging the "deemed denied" of its claims.

77. Golden is entitled to the requested adjustment.

WHEREFORE, Golden demands judgment against Defendant on Count VII in the amount of ONE THOUSAND SIX HUNDRED FORTY-FIVE DOLLARS AND FIFTY-THREE CENTS ($1,645.53), plus interest from the date the ACO received Golden's claim.

Respectfully submitted,

Marc Lamer

MARC LAMER
Attorney for Plaintiff
Golden Manufacturing Co., Inc.

Of Counsel:

Kostos and Lamer, P.C.
1608 Walnut Street, Suite 1300
Philadelphia, PA 19103
(215) 545-0570

Dated: 11/10/04